**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID W. SINGLETON, TRUSTEE, ET AL. | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 08-cv-1385 (JCH) |
| | : | |
| GRADE A MARKET, INC. | : | MAY 26, 2009 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION**[1]

On April 13, 2009, the court issued a Ruling granting plaintiffs' Motion for

Summary Judgment.  See Doc. No. 30.  In that Ruling, the court ordered the parties to

proceed with the appraisal process set forth in the Modification Agreement and

specified that the two appraisers already appointed by the parties shall "select a third

appraiser who: (1) is a member of the Appraisal Institute; (2) is licensed as a real estate

appraiser in Connecticut; or (3) holds other relevant professional qualifications and

whose participation is not objected to by either party."  Id. at 16.

On April 24, 2009, defendant Grade A Market Incorporated ("Grade A") moved

the court to reconsider its Ruling.  See Doc. No. 35.  Grade A argues that the court

incorrectly placed the burden of proof on the defendant non-moving party, cited

authority which has been clearly and unequivocally rejected by the Second Circuit, and

unfairly mandated that Grade A proceed to the appraisal process with an appraiser it

retained solely as an aid towards exploring a negotiated settlement.  For the reasons

stated herein, the defendant's Motion is denied.

_____

[1] Because this Ruling concerns a motion for reconsideration, the court assumes basic familiarity
with the facts of the case, which were set out in detail in the court's April 13, 2009 Ruling Re: Plaintiffs'
Motion for Summary Judgment.  See Doc. No. 30.

## II.      STANDARD OF REVIEW

The standard for a motion to reconsider is strict.  Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion should not be granted where the moving party seeks solely to relitigate an issue already decided.  Id.  A motion to reconsider is proper, however, when the moving party can point to controlling decisions or data that the court overlooked.  Id.

## III.     DISCUSSION

### A.      Burden of Proof

Grade A argues that the court incorrectly assigned it the burden of establishing that the AAREA membership requirement was fundamental to the Modification Agreement.  The court disagrees.

The court did not place any burden on Grade A.  Rather, the court held that it "must determine what the parties intended by paragraphs 6(a) and 6(b) of the Modification Agreement."  Ruling, Doc. No. 30, at 9.  After noting a number of points suggesting that the parties intended the AAREA membership requirement to be an ancillary, logistical concern rather than a fundamental term, the court searched the record for any evidence to the contrary in order to determine if there existed a genuine issue of material fact requiring a trial.  It was in this context that the court stated, "Grade A has not offered any evidence of the circumstances surrounding the execution of the Modification Agreement which supports its position."  Ruling, Doc. No. 30, at 9.  Thus, contrary to Grade A's contention, the court's ruling was not based on Grade A's supposed failure to meet an incorrectly-placed burden of proof, but on the recognition

that Grade A – the party opposing a motion for summary judgment – had failed to set forth specific facts showing that there is a genuine issue for trial.  Thus, Grade A's first basis for its Motion for Reconsideration is without merit; Grade A has not pointed to any controlling decisions or data the court overlooked.  See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).

B.      Citation of Rejected Authority

Grade A's second basis for its Motion for Reconsideration is that the court incorrectly relied on Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 742 F. Supp. 1359 (N.D. Ill. 1990).  This argument is based on Grade A's assertion that the Second Circuit rejected the holding of Zechman in Gutfreund v. Weiner (In re Salomon Inc. Shareholders Derivative Litig.), 68 F.3d 554 (2d Cir. 1995).  This assertion is incorrect.

In In Re Salomon, the Second Circuit considered a series of arbitration agreements which provided that "all disputes were to be arbitrated by the [New York Stock Exchange ("NYSE")] and only the NYSE."  Id. at 557.  When the NYSE refused to arbitrate a securities dispute governed by one of the agreements, the Second Circuit held that arbitration could not proceed before any other entity.  In so holding, the court stated that, "in contrast to . . . Zechman, . . . whether the NYSE would arbitrate the dispute 'was central to the parties' agreement to arbitrate.'" Id. at 561 (quoting McGuire, Cornwell & Blakey v. Grider, 771 F. Supp. 319, 320 (D. Colo. 1991)).  Thus, the Second Circuit did not reject the holding in Zechman, but rather contrasted the facts in Zechman with the case before it and concluded that Zechman was inapplicable.  Consequently, Grade A's second basis for its Motion is without merit.

C.      Use of Previously-Retained Appraiser

Finally, Grade A argues that the court should reconsider the portion of its Ruling in which it ordered the parties to proceed with the appraisal process using their previously-appointed appraisers.  Specifically, Grade A argues that it "never designated that appraiser . . . for purposes of going forward with the lease appraisal process [and therefore it] . . . should not be compelled to use that appraiser for that purpose."  Grade A's Motion for Reconsideration, Doc. No. 36, at 3.  The court disagrees.

To begin, it bears noting that Grade A bases its argument principally on the assertion that it "has been unequivocal that it is not obligated to participate in the formal lease appraisal process" due to the fact that AAREA appraisers are unavailable.  Id. at 2-3.  While this may be true, the court knows of nothing in the record which indicates that, at the time Grade A retained its appraiser, it specifically stated that its choice of appraiser was for settlement purposes only and that it was reserving the right to appoint a different appraiser should a court conclude that the appraisal provision of the Modification Agreement did not fail.  Further, there is nothing in the record to suggest – nor does Grade A argue – that its previously-retained appraiser is in any way insufficient for the purposes of the contract appraisal process.  Thus, the court cannot find that ordering Grade A to complete the appraisal process with its previously-retained appraiser will harm it in any way.

Finally, and perhaps most importantly, it is the court's conclusion that allowing Grade A to choose another appraiser at this late stage would lead to inordinate delay in the resolution of this dispute.  While it is difficult for the court to estimate the time it would take for Grade A to retain a new appraiser and have that individual complete an

appraisal <u>de</u> <u>novo</u>, due to the current real estate market in Connecticut and the related

demand for real estate appraisers, the court can confidently state that such process

could not be accomplished without significant delay.  Regardless of whether it is Grade

A's intention to significantly delay the resolution of this dispute or not, such delay would

cause undue prejudice to plaintiffs.  Consequently, Grade A's Motion for

Reconsideration as to the selection of its appraiser is denied.

## IV.    CONCLUSION

For the foregoing reasons, defendant's Motion for Reconsideration (Doc. No. 35)

is **DENIED**.  As set forth in the court's April 13 Ruling, the parties shall proceed with the

appraisal process set forth in the Modification Agreement, and the two appraisers

previously appointed by the parties shall select a third appraiser who: (1) is a member

of the Appraisal Institute; (2) is licensed as a real estate appraiser in Connecticut; or (3)

holds other relevant professional qualifications and whose participation is not objected

to by either party.  A written determination of value by any two of the three appraisers

shall be final and binding on the parties.  <u>See</u> Modification Agreement, Exhibit B to

Affidavit of David W. Singleton, at ¶ 6(b).

Further, in light of the plaintiffs' response (Doc. No. 33) to the court's Notice to

Counsel (Doc. No. 31), the court will not close the case at this time.  The parties,

however, shall submit a status report to the court no later than June 26, 2009.

**SO ORDERED**.

Dated this 26th day of May, 2009, at Bridgeport, Connecticut.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge